UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Addison, Petitioner

      v.                              Docket No.: 1:15-cv-00151-LEW-JCN

New Hampshire State Prison,
     Warden,
     Respondent

**RESPONDENT'S RESPONSE TO
JULY 10, 2025 PROCEDURAL ORDER
(DOCUMENT 71)**

On July 10, 2025, this Court held a telephone conference. After the conference, this Court issued the following order: "To permit the parties the opportunity to determine how, if at all, a related matter pending before the New Hampshire Supreme Court might inform the parties' anticipated filings… the Court orders that the parties shall file their respective motions on or about, but not before, October 1, 2025." Doc. 71.[1]

The respondent asks this Court: (1) to lift the stay; (2) to rule on the respondent's motion for summary judgment which was denied without prejudice nine years ago; and (3) if the motion for summary judgment does not resolve this case, to set forth a briefing schedule.

The respondent has spoken with Richard Samdperil, Esq., and understands that he may ask for a brief extension of time. The respondent assents to an extension not to exceed 30 days.[2]

---

[1] "Doc._:_ refers to this Court's document and page number.

[2] The undersigned lawyer will retire from the New Hampshire Attorney General's Office on December 11, 2025. The undersigned has told Mr. Samdperil this and he understands that, if his motion is filed by October 31, 2025, the undersigned, who has been assigned to these cases since their inception, handled the state habeas matters, and argued two of the four arguments in the homicide case, will be able to write the response (if any). Although changes in life are inevitable, there is some merit to having a lawyer who is so familiar with the cases attempt to bring this stage of the cases to resolution or at least close to resolution.

## I.    DISCUSSION

The respondent informs the Court that the New Hampshire Supreme Court has accepted the petition in *Petition of Michael Addison*, New Hampshire Supreme Court Docket No. 2025-0273.  See attached order.  The petitioner's brief is due on October 15, 2025; the respondent's brief is due on November 14, 2025.

In the respondent's view, the order issued by the New Hampshire Supreme Court changes nothing with respect to this case and its companion case, *Michael Addison v. New Hampshire State Prison*, *Warden*, Docket No. 1:15-cv-00151-LEW-JCN.  The respondent filed a motion for summary judgment on October 30, 2015.  Docs. 12, 12-1.  In March 2016, the Court (*Barbadoro*, J.) denied the respondent's motion for summary judgment without prejudice.

This Court issued a stay in May 2016.  *See* Minute Entry dated May 26, 2016 ("MOTION HEARING held on 5/26/2016 re[21] MOTION to Stay Proceedings or, in the alternative, to Permit Discovery. Court issues Oral Order staying proceedings until further order of the court.").

Although the two cases before this Court may have an impact on the petition filed in the New Hampshire Supreme Court, the reverse is not as clearly true.  If this Court granted the petitions for writs of habeas corpus, then two of the convictions used to persuade the jury to impose the death penalty would be vacated and returned to the state courts for retrial.  If this Court denies habeas corpus relief, then status of the petition in the New Hampshire Supreme Court is unchanged.

While it is possible that the New Hampshire Supreme Court's treatment of the petition would affect the decision of the petitioner to proceed with these cases, the New Hampshire Supreme Court's decision cannot affect the merits of the cases before this Court.  The accusations against Justice Maguire are serious and deserve resolution.  While the respondent is

2

persuaded that the claims are meritless, they have nonetheless lingered for nearly a decade since the respondent filed the motion for summary judgment.  There were, at one time, reasons for the stay.  In the respondent's view, those reasons no longer exist.

## II.      CONCLUSION

WHEREFORE, the respondent respectfully asks this Court: (1) to lift the stay; (2) to rule on the respondent's motion for summary judgment which was denied without prejudice nine years ago; and (3) if the motion for summary judgment does not resolve this case, to set forth a briefing schedule.

Respectfully Submitted,

New Hampshire State Prison, Acting Warden, Respondent.

By his attorneys,

John M. Formella
Attorney General

*/s/ Elizabeth C. Woodcock*
Elizabeth C. Woodcock
Bar Number:  18837
Assistant Attorney General
Criminal Justice Bureau
33 Capitol Street
Concord, NH  03301-6397
Phone: (603) 271-3671
Elizabeth.Woodcock@doj.nh.gov

October 1, 2025

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served the petitioner, who is represented by

Richard Samdperil, Esq. through this Court's electronic filing system.

*/s/ Elizabeth C. Woodcock*
Elizabeth C. Woodcock
